UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kevin Frymier, § § § *Plaintiff,* § § v. § § Houston Area Women's Center and § Lan Nguyen, Compliance Director, § § *Defendants.* § | Civil Action No. 4:25-cv-01122 |

# MEMORANDUM AND RECOMMENDATION ON JURISDICTION AND ORDER DENYING REQUEST FOR SERVICE

Plaintiff Kevin Frymier recently filed two motions requesting that this Court direct the U.S. Marshals to serve Defendants Houston Area Women's Center and Lan Nguyen at an alternative address after prior service attempts were unsuccessful. Dkt. 16, 17 (new motions); Dkt. 14, 15 (unexecuted returns of service). Before considering Frymier's request, however, this Court must examine whether subject matter jurisdiction exists. Finding it lacking, it is recommended that Frymier's claims be dismissed without prejudice. Frymier's requests for renewed service of process are denied as moot.

## Background

In his complaint, Frymier maintains that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See* Dkt. 1 at 1. The only federal claim alleges that Defendants violated the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §§ 164.502(a), 164.524, by refusing to provide Frymier with his child's medical and counseling records. *See id.* at 2-3. Frymier also asserts state law claims under the Texas Family Code, for negligence, and for "intentional interference with parental rights." *Id.* at 3-4.

Frymier's first attempts to serve Defendants were flawed. *See* Dkt. 11 (detailing problems with service of process). But Frymier was granted an extension to effectuate service of process. *See id.* at 3-4. The second go-around, Frymier provided an inaccurate address for both Defendants. *See* Dkt. 14, 15 (explaining that the address is an apartment building). Frymier then asked this Court to direct the U.S. Marshals to serve Defendants at an alternate address. *See* Dkt. 16, 17.

## Analysis

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Therefore, United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the

parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

Consistent with that duty, and before considering whether to expend court resources on further attempts at service, the undersigned must review the basis for subject-matter jurisdiction. Congress has conferred federal courts with original jurisdiction over two categories of cases: (1) federal questions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) suits between citizens of different states with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a). *See Badgerow v. Walters*, 596 U.S. 1, 7 (2022). As the party asserting jurisdiction, Frymier has the burden to establish that jurisdiction is proper. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

The complaint does not invoke diversity jurisdiction.[1] Rather, it asserts that this case presents a federal question. Specifically, Frymier raises a claim under HIPAA, citing federal regulations. *See* Dkt. 1 at 2-3.

In such an instance, dismissal for lack of jurisdiction is proper only if the federal claims either "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction" or if those claims are "wholly

---

[1] Indeed, it is unlikely that the parties are diverse, not least because Frymier has sued a local entity based in Houston and its local director. *See* Dkt. 1 at 2 (citing local addresses for both); Dkt. 15 & 16 (providing a different local address for both).

3

insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). This standard is met if the federal claims are "obviously without merit" or their "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (quoting *Mays v. Kirk*, 414 F.2d 131, 135 (5th Cir. 1969)). Claims that lack any legal substance are deemed to be wholly insubstantial and frivolous. *See id.* at 343.

Frymier's HIPAA claim is wholly meritless. In *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006) (per curiam), the Fifth Circuit held that HIPAA does not confer a private right of action. As explained in *Acara*, the statute delegates enforcement to the Secretary of Health and Human Services, which strongly signals that private parties cannot enforce HIPAA's requirements. *See id.* at 571. Because the plaintiff could not sue under HIPAA and the parties' citizenships were not diverse, the *Acara* court affirmed the dismissal of the suit for lack of subject matter jurisdiction. *See id.* at 572.

Under *Acara*, Frymier's HIPAA claim lacks legal substance because no private party can bring a HIPAA enforcement action. The *Acara* decision also reflects that the absence of a private right of action eliminates reliance on HIPAA as a basis for federal question jurisdiction. Frymier's invocation of HIPAA is therefore insufficient to show that federal question jurisdiction exists. *See Southpark Square Ltd.*, 565 F.2d at 342-43 (concluding the lack of

4

"any legal substance" to the plaintiff's claim meant that "we cannot avoid the conclusion that its claim is wholly insubstantial and frivolous") (quotations omitted).  And absent a federal claim, this Court cannot exercise supplemental jurisdiction over Frymier's other state-law claims.  The proper remedy is to dismiss this case for want of jurisdiction.

## Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Kevin Frymier's claims (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction.

It is further **ORDERED** that Plaintiff's motions to serve Defendants at alternative addresses (Dkt. 16 and 17) be **DENIED** as moot, and the initial conference previously scheduled for June 27, 2025 (Dkt. 12) is **CANCELED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 10, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

5